UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Case No. 4:11-CV-1823 (CEJ) |
| DIVERSIFIED DRYWALL SYSTEMS, INC., and JAMES DEWEY COLLINS, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for partial default judgment in the amount of $8,754.54, and for an order compelling defendant Diversified Drywall Systems, Inc., to produce books and records for an audit.

Plaintiffs bring this action pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132, to recover unpaid employee benefits contributions owed under the collective bargaining agreement (CBA) in place between the Painters District Council No. 2 (the "Local Union") and defendants. The record shows that defendants were served a copy of the summons and complaint on October 26, 2011 and have not filed an answer or other responsive pleading. The Clerk of Court entered default against defendant Diversified Wall Systems, Inc., (Diversified) on November 18, 2011, and against defendant James Collins on December 6, 2010.[1]

---

[1] Plaintiffs proceed against defendant Collins to enforce a guaranty of payment that he executed of all amounts owed by Diversified to the benefit funds.

According to the complaint, defendant Diversified has failed to pay the contributions since April 19, 2011.  Tina Pannier, plan manager for the funds, states in an affidavit filed in support of the instant motion, that defendant Diversified Drywall stopped submitting contribution reports on August 30, 2011.  Based on reports defendant submitted before that date without payment, plaintiffs have determined a portion of the unpaid contributions, liquidated damages and interest owed.

Rule 55(b)(2)(A) of the Federal Rules of Civil Procedure allows a court to enter an order compelling an accounting when necessary to enter or effectuate a judgment.  In the present case, the plaintiffs cannot determine the full amount of unpaid contributions and liquidated damages that are owed to them without conducting an audit of Diversified's books and records for the period after August 30, 2011.  The information obtained through the audit is necessary to enable the Court to enter judgment in the correct amount and, therefore, the plaintiffs' motion will be granted.

Plaintiffs ask the Court to entered partial default judgment in the amount of $8,754.54, for unpaid contributions, liquidated damages, interest, attorney's fees, and costs.  The Court intends to enter a single judgment that encompasses the entire amount owed to plaintiffs.  Plaintiffs may amend their motion for default judgment after the audit is completed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for partial default judgment [Doc. #11] is **denied**.

**IT IS FURTHER ORDERED** that plaintiffs' request for an order to compel an accounting is **granted**.

**IT IS FURTHER ORDERED** that defendant Diversified Drywall Systems, Inc., shall, not later than **May 11, 2012**, produce for inspection by plaintiffs all books, ledgers, payroll records, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to employees of Diversified Drywall Systems, Inc., for the period beginning August 30, 2011, to the date of the audit.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant Reid Masonry, LLC at the following address:

>Diversified Drywall Systems, Inc.
>2312 Stoneybrook Drive
>O'Fallon, MO 63368

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2012.