UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL NO. 2, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:11-CV-1823 (CEJ) ) |
| DIVERSIFIED DRYWALL SYSTEMS, INC., and JAMES DEWEY COLLINS, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' response to the Court's request for additional documentation in support of the damages calculation presented in their motion for default judgment. Additional background information is presented in the Court's order entered on October 11, 2012. [Doc. #27].

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974 (LMRA), as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1132. Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation, and Apprenticeship plans), their trustees, and the Painters District Council No. 2 (the union). Defendant Diversified Drywall Systems, Inc. (Diversified), is an employer in an industry affecting commerce within the meaning of the LMRA and ERISA and a signatory to collective bargaining agreements in force between September 1, 2005, and August 31, 2013.[1] The CBAs required the payment of fringe benefits to the plans, union dues, and contributions to the Labor Management Cooperation Fund (LMCF) and the St. Louis

---

[1] Linck Exhibits A and B [Docs. #29-5 and #29-6].

Painters and Decorating Industry Advancement Fund (IF).[2]  Defendant James Dewey Collins, as president of Diversified, signed a personal guaranty of payment of "all amounts due the Union . . . and the Trustee of the various Trust Funds" as well as "all damages, costs, fees and expenses . . . which the . . . Trustees . . . may be entitled to recover from [Diversified]. . ."  Complaint ¶ 58.  Plaintiffs allege that defendant Diversified failed to pay the fringe benefits, dues, and contributions to the LMCF, and that defendant Collins has failed to honor the obligations created by the guaranty.

Plaintiffs seek default judgment for contributions which were not timely made between October 2010 and May 2012.[3]  In their motion, plaintiffs seek damages in the amount of $21,501.76.  As detailed below, however, they submit evidence of damages in the amount of $21,939.70.

The summons and a copy of the complaint were served to defendants on October 26, 2011.  Defendants have not filed an answer or otherwise appeared in this matter.  On December 6, 2011, the Clerk of Court entered default against them.

**I. Discussion**

"[E]ntry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right.  United States v. $345,510.00 in U.S. Currency, No. Civ. 01-497 (PAMJGL), 2002 WL 22040, at *2 (D. Minn. Jan. 2, 2002).  Rather, the grant of a default judgment is within the discretion of the Court.  See Fingerhut Corp. v. Ackra Direct Marketing Corp., 86 F.3d 852, 856 (8th Cir. 1996).  In considering a motion for default judgment, the Court is mindful that, by defaulting, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint.  See

---

[2] Linck Exs. A and B §§ 36-44.

[3] See Soderstrom Ex. A [Doc. #29-3].

Taylor v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). Although factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven by the plaintiff, to a reasonable degree of certainty. See Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001); The district court must provide detailed findings regarding damage calculations, even in default judgments. Stephenson v. El-Batrawi, 524 F.3d 907, 916-17 (8th Cir. 2008) ("generic reference to evidentiary support for the damages determination" is insufficient).

Plaintiffs have submitted the second supplemental affidavit of Brad Soderstrom, payroll auditor with the accounting firm of Wolfe Nilges Nahorski, and an exhibit showing the results of the payroll audit for the period of October 26, 2010 through May 8, 2012. This exhibit establishes that Diversified owes contributions in the amount of $12,774.09, liquidated damages and interest in the amount of $4,132.02,[4] and an audit fee of $950.10.[5]

Based on the documentation and affidavits submitted by the plaintiffs, the Court finds that defendant Diversified was bound at all relevant times by a valid CBA and that it breached its obligations by failing to timely pay the required contributions. The Court

---

[4] The Court requested additional information regarding how the figure for liquidated damages and interest was calculated. Plaintiffs have submitted the CBA, which provides for assessment of "liquidated damages of 10% up to thirty (30) days of delinquency, after which liquidated damages of 1-1/2% shall be assessed compounded monthly until the full contribution is made." Linck Exs. A and B §4.

[5] Plaintiffs submitted the affidavit of Tina Pannier, the trusts' plan manager in support of their original motion for default judgment. Ms. Pannier stated that the last week for which Diversified made payment on contributions was April 2, 2011, and the last week for which defendant submitted timely contribution reports was August 30, 2011. She asserted that, as of December 2011, defendant owed a total of $6,475.76 for delinquent contributions plus liquidated damages and interest. Mr. Soderstrom's audit encompassed this same period and the Court concludes that Ms. Pannier's damages calculation is redundant.

further finds that Mr. Soderstrom's calculations accurately reflect the amounts owed by defendant Diversified under the terms of the CBA.  By virtue of his default, defendant James Dewey has admitted that he signed a guaranty of payments and failed to meet his obligations under that guaranty.

Plaintiffs also submit the affidavit of attorney James Faul.  Mr. Faul attests that his firm's standard billing rate for his services is $180.00 per hour and that plaintiffs have incurred attorney's fees in the amount of $3,645.55.  [Doc. #29-15].  This amount is less than what is reflected in the accompanying billing records.  Plaintiffs paid $350.00 for the filing fee and $87.94 for service of process.  The Court finds that the requested attorney's fees and costs are reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' supplemental motion for default judgment [#28] is **granted.**

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment [Doc. #25] is **denied as moot**.

A separate judgment in accordance with this Memorandum and Order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of December, 2012.